### In re WOLLOWITZ.

(Circuit Court of Appeals, Second Circuit. November 13, 1911.)

### No. 3.

**1.** BANKRUPTCY (§ 404*)—DISCHARGE—RIGHTS AND DUTY OF BANKRUPT.

It is incumbent on a bankrupt in involuntary as well as in voluntary proceedings, if he desires to procure a discharge, to take all proper steps to expedite the proceedings, and to cause notice to be given to creditors, if it is not done by the petitioners, that they may file their claims before his application for discharge is made.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 404.*]

**2.** BANKRUPTCY (§ 407*)—DISCHARGE—VALIDITY OF RULES.

Bankruptcy rule 20 of the Southern district of New York, which provides that "if the first meeting of creditors is not called and the examination of bankrupt at such meeting begun, carried on and completed before the petition for discharge is filed, the referee is directed to certify such facts to the court, and thereupon, upon notice to the bankrupt, an application to dismiss the petition for discharge may be made," is not obnoxious to the statute, as adding a new ground for refusal of a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 407.*]

Ward, Circuit Judge, dissenting.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of Louis Wollowitz, bankrupt, said bankrupt appeals from an order dismissing his application for discharge. Affirmed.

This cause comes here upon appeal of the bankrupt from an order dismissing his application for a discharge. Since the order was in form for dismissal of application, instead of refusal of discharge, he also filed a petition to review.

Abraham Oberstein (Robert P. Levis, of counsel), for petitioner.
Walter T. Kohn, for respondent.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. Petition in involuntary bankruptcy was filed April 27, 1908, and receiver appointed. Wollowitz was adjudicated a bankrupt May 26, 1908, and was examined under section 21a (Act July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3430]) on May 12, 1908. No first meeting of creditors was ever held, and no trustee appointed. On April 10, 1909, the bankrupt filed his petition for discharge. On June 21, 1909, it was ordered by the court that a hearing on such petition would be had on July 9, 1909, and that notice thereof to all creditors and parties in interest be published. In support of his application he procured the usual certificate of conformity from the referee. It will be noted that no notice of application for discharge was given till more than a year after adjudication, when the time in which creditors could file proof of claims had expired. A motion to dismiss this application was made by one of the creditors, and thereupon the order under review was made.

Bankruptcy rule 20 of the Southern district of New York provides that:

"If the first meeting of creditors is not called and the examination of bankrupt at such meeting begun, carried on and completed before the discharge is filed, the referee is directed to certify such facts to the court, and thereupon, upon notice to the bankrupt, an application to dismiss the petition for discharge may be made."

The rule is a wholesome one. Discharge of a bankrupt from his debts should not be granted till his creditors have had an opportunity to be heard in opposition. To secure such opportunity, it is necessary, not only that notice be given to them of the application for discharge, but also that timely notice of the bankruptcy be given to creditors, so that they may file their claims within the year, and thus, put themselves in a position to be heard upon such application. The statute provides that all notices shall be given by the referee; but, of course, he must be secured for the expense of giving the requisite notice, either out of the estate or by some one who is interested in having the proceedings carried on to a termination. In the case at bar no first meeting was called, because no indemnity for the purpose of calling it was deposited with the referee by the bankrupt or petitioning creditors, or by any party in interest.

[1] The validity of the order is attacked upon two grounds: First, that the court "failed to realize the distinction between a voluntary

and an involuntary case," that in the former case the bankrupt is responsible himself for its being carried on, but in an involuntary case he has no such responsibility; second, because the rule adds a new ground for refusal of discharge, additional to those enumerated in the statute, and is therefore void.

We concur with the District Judge in the conclusion that the rule itself makes no distinction between voluntary and involuntary proceedings. In each case it would seem to be equally to the bankrupt's interest to have the proceedings progressed to the stage where his application for a discharge can be considered. It is within his power to do this. If the petitioning creditors are dilatory, or refuse to indemnify the referee, or the receiver does not advance the necessary funds—that is, if he has any funds to advance—the bankrupt may himself apply to the referee to have the notice of first meeting given. He may expedite matters by filing his application for discharge promptly, instead of waiting till the year has nearly elapsed.

[2] As to the second ground of objection, we do not think rule 20 is obnoxious to the statute. It has been said that discharge is a matter of right (In re McCrea, 161 Fed. 246, 88 C. C. A. 282, 20 L. R. A. [N. S.] 246)—that is, in cases where the bankrupt is entitled to it—and the enumeration of grounds for refusal found in the statute is no doubt exhaustive. But, in our opinion, it would not be adding a new ground for refusal to such enumeration to provide details of the form, manner, and time of giving notice of such application. The rules as we understand them do no more than this. The referee is to give notice of application for discharge, but the bankrupt who makes such application indemnifies the referee for the cost of such notice. The rule further puts upon him the burden of seeing to it that his creditors are notified of the bankruptcy, so that they may have opportunity to qualify and object. The suggestion that it will cost something to give such notices, and that therefore the bankrupt, who has given up his property, should not be expected to have them given is unpersuasive. Bankrupts who wish to secure the great privilege accorded them by the act of being relieved from the obligation of their just debts find no difficulty in having their applications prepared and motion made for discharge, although it costs something to retain a lawyer for such purpose.

The desirability of rule 20 may be seen by a consideration of what might happen in such a case as this. The aggregate claims of the three petitioning creditors amount to $1,400 only. The bankrupt turned over to the receiver an insurance policy that had a cash surrender value of $155, four promissory notes aggregating $4,400 and outstanding accounts amounting to about $1,000. Whether any of these, except the insurance policy, are worth anything, does not appear; but let us assume the whole $5,555 were collected by the receiver. No first meeting of creditors being called and notice thereof given, none of them, except the three petitioning creditors, may know of the bankruptcy (this bankrupt was not in business at the time), and may file no claims within the one year allowed by the statute. Therefore they are not entitled to receive dividends out of the estate. Just before the expiration of the year, application for discharge is made

and granted. Then notice is given of first meeting, and the cause proceeds to a conclusion. Maybe the petitioning creditors, possibly a few others, have filed claims; but the great bulk of them have not done so. The schedules admit an indebtedness of $11,500. Upon winding up the proceedings, the few creditors who had filed claims, amounting, perhaps, in all to $2,000 or $3,000, would be paid in full, and the balance of what the trustee takes over from the receiver, more than half of the whole estate, would have to be returned to the bankrupt, who would thus hold a discharge from his just debts, although in fact his estate had not been appropriated to pay anything in reduction of such debts.

The order is affirmed.

WARD, Circuit Judge (dissenting). The bankrupt conformed to all the express requirements of the bankruptcy act and committed none of the acts for which he could be denied a discharge under subdivision "b," § 14, of the act. The referee has so certified. Therefore I think he is entitled to his discharge. If the mischief pointed out in the opinion of the court exists, as it no doubt does, I think it must be corrected by an amendment of the act, and not by a rule of the District Court.